UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CRYSTAL BLUBAUGH, o/b/o T.K.B., A MINOR,

Plaintiff,

v.

CAROLYN W. COLVIN, Commissioner of Social Security,

Defendant.

No. 1:15-CV-03149-JTR

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** are cross-Motions for Summary Judgment. ECF No. 15, 16. Attorney D. James Tree represents Crystal Blubaugh (Plaintiff), and Special Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment and **DENIES** Defendant's Motion for Summary Judgment.

**JURISDICTION**

On October 14, 2010, Plaintiff filed an application for supplemental security income (SSI) on behalf her minor daughter, with an alleged disability onset date of September 13, 2009. Tr. 169-174. Plaintiff listed the minor child's disabling conditions as attention deficit hyperactivity disorder (ADHD) and oppositional defiant behavior. Tr. 204. Plaintiff's claim was denied initially and on reconsideration. Tr. 96-98, 101-107. Plaintiff then requested a hearing before an

administrative law judge (ALJ). Tr. 108.

On November 21, 2013, ALJ Tom L. Morris held a hearing, at which the minor child and Plaintiff testified. Tr. 34-78. On January 21, 2014, the ALJ issued a decision finding the minor child not disabled. Tr. 19-28. The Appeals Council declined to review the decision. Tr. 1-6. The ALJ's January 21, 2014, decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on August 24, 2015. ECF No. 1, 4.

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties and thus, they are only briefly summarized here. At the time of application, the minor child was eleven years old. Tr. 169. She was in the fifth grade and was not working. Tr. 194-199, 206.

**STANDARD OF REVIEW**

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in

weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL EVALUATION PROCESS**

To qualify for disability benefits, a child under the age of eighteen must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Social Security Administration has enacted a three step sequential analysis to determine whether a child is eligible for SSI benefits on the basis of a disability. 20 C.F.R. § 416.924(a). First, the ALJ considers whether the child is engaged in "substantial gainful activity." 20 C.F.R. § 416.924(b). Second, the ALJ considers whether the child has a "medically determinable impairment that is severe," which is defined as a slight abnormality or a combination of slight abnormalities that causes more than minimal functional limitations. 20 C.F.R. § 416.924(c). Finally, if the ALJ finds a severe impairment, he must then consider whether the impairment "medically equals" or "functionally equals" a disability listed in the regulatory "Listing of Impairments." 20 C.F.R. § 416.924(d). An impairment is functionally equivalent to a listed impairment if it results in marked limitations in two areas of functioning or in extreme limitations in one area of functioning. 20 C.F.R. § 416.926a(a). An impairment is a "marked limitation" if it "seriously interferes with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). An "extreme limitation" is defined as a limitation that "interferes very seriously with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i).

In determining whether an impairment functionally equals a listing, the ALJ assesses the child's functioning in six domains in terms of: (1) her ability to acquire and use information; (2) her ability to attend and complete tasks; (3) her ability to interact and relate with others; (4) her ability to move about and manipulate objects; (5) her ability to care for herself, and (6) her general health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

**ALJ'S FINDINGS**

At step one of the sequential evaluation process, the ALJ found that the minor child had not engaged in substantial gainful activity since October 14, 2010, the date of application. Tr. 22. At step two, the ALJ found that the minor child suffered from the following medically determinable impairments: autistic disorders, attention deficit disorder/ADHD, and anxiety disorder. *Id*. However, the ALJ found that none of the impairments caused more than minimal functional limitations; therefore, the minor child did not have an impairment or combination of impairments that were severe. *Id*. Therefore, the ALJ ended his analysis at step two and did not proceed to a step three. Tr. 22-28. The ALJ concluded that the minor child had not been disabled, as defined in the Social Security Act, at any time since October 14, 2010, the date of application, through January 21, 2014, the date of the ALJ's decision. Tr. 28.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends that the ALJ erred at step two by finding that the minor child's impairments were not severe.

**DISCUSSION**

Plaintiff challenges the ALJ's determination that the minor child did not have a severe impairment. ECF No. 15 at 12-19.

Step-two of the sequential evaluation process requires the ALJ to determine

whether or not the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R. § 416.924(c). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual[']s ability to work.'" *Id*. at 1290 (quoting *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (adopting S.S.R. 85-28)). The step-two analysis is "a *de minimis* screening device to dispose of groundless claims." *Smolen*, 80 F.3d at 1290.

Plaintiff bears the burden to establish the existence of a severe impairment. *See Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998) (citing *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995)). Despite the burden being on the claimant, an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when the ALJ's conclusion is "clearly established by medical evidence." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

Here, Plaintiff argues that the ALJ erred by relying on the minor child's unreliable statements, by failing to consider the evidence as a whole, and by failing to properly weigh the opinions of examining and treating providers. ECF No. 15 at 12-19.

**A. Minor Child's Statements**

In his step two determination, the ALJ relied on the minor child's assertions during clinical interviews that she did not have any problems in school except boredom, she had no problems waiting her turn, she did not interrupt or talk too much, she did not avoid tasks, she did not fail to give close attention to tasks, she was able to listen when spoken to, she did not lose items necessary for tasks, and she was not distracted by extraneous stimuli. Tr. 23, 25, 362, 606. Despite finding the minor child not credible, Tr. 23, the ALJ relied on her statements to support a denial of benefits. Additionally, the minor child's treating counselor repeatedly stated that she lacked insight and was willing to lie if it helped her meet her goals,

such as getting out of something she did not want to do. Tr. 394-424, 429, 438. The ALJ may find a claimant lacks a medically severe impairment only when the ALJ's conclusion is "clearly established by medical evidence." *Webb*, 433 F.3d at 687. A child's unreliable statements to clinicians is not sufficient to meet the standard of "clearly established by medical evidence." Therefore, this is not a legally sufficient reason to find the minor child lacked a severe impairment at step two.

**B. Record as a Whole**

Plaintiff argues that the ALJ failed to consider the record as a whole and instead cherry picked evidence to support his determination while ignoring evidence in the record supporting a favorable step two determination. ECF No. 15 at 13-15.

In his decision, the ALJ summarized the medical evidence chronologically. Tr. 23-25. However, the summary appears to exclude several observations made by medical professionals supporting the notion that the minor child's mental health impairments cause more than a slight abnormality that would have more than a minimal effect on the child's abilities: the child does not appear to feel guilt for lying and appears to feel lying is justified if she doesn't like something, Tr. 394, 396, 398, 400, 402, 406, 410, 412, 414, 416, 418, 420, 422, 429, 525, 573, 580, 588, 590, 592; the child does not appear to learn from past mistakes, Tr. 400, 402, 404, 406, 408, 410, 412, 414, 416, 418, 420, 429, 554, 588, 592; the child is obsessive about her interest in Pokeman, Tr. 422, 465, 510, 514, 517, 555, 564-565, 575; and the child does not understand social cues, Tr. 424. The ALJ also failed to mention the child's performance on the Autism Diagnostic Observation Schedule (ADOS), module 3, in which the child scored within the autism range in the areas of communication and reciprocal social interactions. Tr. 465-466. Furthermore, the ALJ failed to discuss the accommodations the school provided through the 504 plans and the Individuated Education Program (IEP) report. *See*

20 C.F.R. § 416.924a(b)(7)(iii)-(iv) and S.S.R. 09-2p (the ALJ is required to consider any IEP reports, 504 plans, and accommodations provided by a child's school).

Here, the Court recognizes that the ALJ is not required to discuss each piece of evidence, such as evidence that is neither significant nor probative. *Howard ex rel. Wolf v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). However, he is required to consider the record as a whole; this includes providers' observations, objective medical testing, IEP reports, and 504 plans. S.S.R. 09-2p. A review of the record as a whole compared to the ALJ's summary of the record illustrates that the ALJ failed to consider probative evidence that supported the conclusion that the minor child suffered from severe impairments. Therefore, there is not substantial evidence that the ALJ's conclusion is "clearly established by medical evidence," as required by *Webb*. Therefore, the case is remanded for additional proceedings. The ALJ is instructed to consider the record as a whole and make a new step two determination that is supported by substantial evidence.

**C. Medical Opinions**

Plaintiff challenges the weight provided to the opinions of Diane Liebe, M.D., George Petzinger, M.D., Georgia Ramos-Brown, MSW, Jay Toews, Ed.D., and Michael L. Brown, Ph.D. ECF No. 15 at 15-20. The ALJ gave "little weight" to the opinions of Dr. Liebe, Dr. Petzinger, and Ms. Ramos-Brown because he found the opinions to be inconsistent with the record. Tr. 26-27.

The Court has remanded this case for the ALJ to make a new step two determination and properly consider ADOS testing performed by the office of Dr. Liebe, clinical observations made by Dr. Liebe and Ms. Ramos-Brown, and IEP reports and 504 plans created by the minor child's school. Upon a proper evaluation of the record as a whole, the inconsistencies noted by the ALJ may no longer be present. On remand, the ALJ is instructed to evaluate and weigh all medical opinions in the record.

**REMEDY**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990). *See also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find the minor child disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to make a new step two determination. In doing so, the ALJ is instructed to address the minor child's credibility, consider the record as a whole, and weigh medical opinions. The ALJ is further instructed to supplement the record with any outstanding medical evidence, standardized tests, 504 plans, IEP reports, and transcripts. Once the record is supplemented and complete, the ALJ is instructed to call a medical expert who specializes in the field of medicine appropriate to the minor child's impairments to testify at a hearing.

**CONCLUSION**

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED, in part**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED August 1, 2016.




JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE